**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

February 3, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*


No. 04-2663

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-13 |
| JACK A. DAY, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

# O R D E R

Jack A. Day pleaded guilty to one count of making false statements with respect to the actual mileage of a motor vehicle in violation of 49 U.S.C. § 32705(a)(2) and 32709(b).  The district court determined that Mr. Day's odometer scheme had resulted in a loss to victims of $39,875.  Based on this calculation, the district court sentenced Mr. Day to 25 months' imprisonment in accordance with the then-mandatory United States Sentencing Guidelines and also ordered Mr. Day to pay full restitution.  Mr. Day appealed his sentence and the restitution order.

Because the district court's sentence rested in part on an estimated loss that was neither admitted by Mr. Day, nor proven to a jury beyond a reasonable doubt, we ordered a limited remand pursuant to this court's decision in *Paladino v. United States*, 401 F.3d 471 (7th Cir. 2005), for a determination of whether the district court would have imposed a different sentence had the court not been bound to

sentence Mr. Day within the guideline range attendant to the estimated loss.[1]

Pursuant to our remand order, the district court requested statements from the parties concerning the propriety of the sentence. After considering the parties' submissions, the district court advised that it would resentence Mr. Day to the same sentence that it originally had imposed. In doing so, the district specifically addressed Mr. Day's claims that considerations such as his age, infirmity and military service warrant a more lenient sentence:

> Defendant contends that the Court should consider his military service, his age (73), his history of alcoholism and his medical condition. The Court does consider these factors and they are counterbalanced by his repeatedly taking advantage of the trusting and unsuspecting people in his own community and his excessive fraudulent activities over a significant period of time.

Memorandum and Order of Sept. 8, 2005, at 3.

*Booker* instructs us to review the district court's sentencing determination for reasonableness. *United States v. Booker*, 125 S. Ct. 738, 767 (2005). However, *Booker* also anticipates that, in arriving at a sentence, district courts will continue to look to the Guidelines in reaching appropriate sentences. *See id.* We have recognized that "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytuik*, 415 F.3d 606, 608 (7th Cir. 2005). Thus, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* Under this deferential standard, a defendant "can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [28 U.S.C. ] § 3553(a)." *Id.* Theoretically, a sentence within the applicable guideline range can be unreasonable, but we have recognized that "it will be a rare" occurrence. *Id.*

In the present case, Mr. Day does not claim that the district court's calculation of his sentence under the Guidelines is incorrect, and the sentence, therefore, is presumptively reasonable. Mr. Day, however, believes that the district court has exaggerated the seriousness of his crime and has not properly accounted for his age and medical condition.

The sentencing considerations set forth in 18 U.S.C. § 3553 do not lend themselves to a formulaic approach, nor have we adopted such an approach in our

---

[1]   The *Paladino* remand was focused solely on Mr. Day's sentence of imprisonment. That limited remand, and consequently these subsequent proceedings, have no bearing on the remand regarding the restitution order.

case law.  By contrast, we expect district courts to consider the factors set forth therein and to address specifically those factors which the parties have brought to the court's attention.  Here, Mr. Day emphasizes the "characteristics of the defendant," whereas the district court has focused on "the seriousness of the offense" and the need "to provide just punishment for the offense," all of which are proper considerations under §3553.  *See* 18 U.S.C. § 3553(a) & (a)(1).

Although reasonable judges might weigh these factors differently and therefore disagree as to whether a 25-month sentence is the most appropriate one under the circumstances, Mr. Day has not met his burden of demonstrating that the sentence imposed is an unreasonable one.  The district court was entitled to take the view it did of the seriousness of the crime and of Mr. Day's criminal history, and to sentence Mr. Day accordingly.  Notably, the court specifically addressed Mr. Day's age, medical condition and military service in its *Paladino* memorandum.  Even if another jurist may have weighed the statutory factors differently, we cannot say that the determination of the district court, made after a thorough weighing of the appropriate factors, was unreasonable.  Mr. Day's sentence of 25 months' imprisonment is therefore affirmed.

AFFIRMED